DEL VALLE & CÍA., Plaintiff and Appellee, v. FERNANDO CASO, FÉLIX BENÍTEZ REXACH AND UNITED STATES FIDELITY AND GUARANTY CO., Defendants and Appellants.

No. 7568. Argued January 18, 1939.—Decided November 22, 1939.

*Juan Enrique Géigel* and *Guillermo Silva*, for appellants; *Ismael Soldevila*, for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

In an injunction proceeding in the District Court of San Juan, Fernando Caso and Félix Benítez Rexach obtained a restraining order against Del Valle & Co.

The order enjoined them from performing a contract for the construction of certain public works in connection with the acqueduct of Bayamón and San Juan. The Fidelity & Guaranty Co. gave bond for all damages which Del Valle & Co. might suffer on account of the order. The order was subsequently dissolved and Del Valle & Co. brought suit against Caso, Benítez Rexach and the bonding company. The lower court awarded certain damages.

On appeal two errors are assigned: (1) that the lower court erred when it decided that the salary of Carlos del Valle as chief engineer of the appellee company could be recovered for the time the restraining order was in effect; (2) that the lower court erred in deciding that the appellee company could recover $149.31 as the proportional part of the sum of $261.32 paid by the appellee company as a premium for the workmen's insurance.

The lower court thought that the plaintiff should obtain judgment for the salaries and wages of whatever employees were needed on the construction while work was stopped and hence that the plaintiff should recover for the salary of the engineer in charge of the work. The appellants argue that the engineer in charge was Carlos del Valle, the president of the appellee company and who received a fixed salary of $600 a month, no matter what he did. The appellee says that it dismissed all the employees who were not necessary, but that even if construction was stopped somebody had to be in charge of the work, and that the fact that Del Valle's salary was fixed was not important, because the appellee had the right to expect some services in exchange for that salary and as it was not engaged in any other contract at the time, the whole attention of the employee was devoted to the enterprise which was restrained by the defendants. The lower court thought that if Del Valle & Co. had been engaged in several contracts, the salary of the engineer ought to be apportioned among them in proportion to their importance. It was shown that while the

restraining order was in effect, Del Valle & Co. was engaged only in that contract. We hold that the reasoning of the lower court is sound and this disposes of the first assignment of error.

■■ As to the second assignment the fact is that the restraining order was in effect for 44 days. During that time the appellee had to put some watchmen on the property. These workmen had to be insured according to the law then in force (Act 102 of September 1, 1925, p. 904, on Workmen's Compensation). The appellee paid $261.32 for 77 days which included the 44 days mentioned. The lower court allowed damages to the amount of $149.31, the proportion of the days during which the work was stopped.

The appellants maintain that the sum paid was a deposit to be liquidated at the end of the insurance period. They also say that the insurance premiums are paid on the basis of the pay rolls. And they say that the claim for recovery of the premiums had not been listed specifically and separately in the complaint.

We hold, as did the lower court, that the claim to recover the premiums should be allowed. The appellants accepted that watchmen had to be left on the property. They did not appeal from the award made that the plaintiff should recover, as damages, the wages paid to those watchmen. The workmen had to be insured by law. The premiums are recoverable in the same way as the wages.

As to the lack of a specific plea for damages on that account, we think that it was properly included in the complaint. Among other amounts the damages claimed were:

"C. General administrative expenses, including salaries of engineers. . ."

Any further specification needed was waived by the defendants who did not ask for a bill of particulars, who raised no opposition to the admission of the evidence bearing on the matter, and took no exception to it.

It was definitely proved by the plaintiff that it paid the amount in question. The defendants showed that when the policy expired the plaintiff might possibly have recovered part of the premium. No evidence was offered, however, to show that the plaintiff recovered anything or if he did, to what amount. Neither was any evidence offered to the lower court as to how the amount paid should apply to the periods of time covered by the insurance. In the absence of proof to the contrary, the district court correctly assumed that the plaintiff did not recover any part of the premium paid, and that it applied in equal amounts to the 77 days it covered, and the award of $149.31 was not an error.

The judgment should be affirmed.